**VERTOLLI v HAGEMAN, d.b.a., Etc, et**

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 9, 1934

C. J. Wall, Youngstown, and William Bence, Youngstown, for plaintiff in error.

Wilson, Hahn & Wilson, Youngstown, for defendants in error.

## OPINION

By ROBERTS, J.

The issue is really made upon a proposition aside from that of the accident and such injuries as may have been received by the plaintiff. It is the contention of the defendant, and this is not disputed, that the truck at the time of the accident was being operated by an employee of the defendant company by the name of Tony Abrutz. The defendant was engaged in the delivery of newspapers and periodicals, largely throughout the city of Youngstown and contiguous territory. Abrutz was employed for the purpose of operating a truck in this work, and that on the night in question this employe drove the truck to the property of the defendant, on Commerce Street, where it was usually stored, and then after business hours and after the work of the day had been completed started to drive the truck to his home, as a matter of convenience, as he testified, so that he could return early in the morning and take up the next day's work. He testified, as also did the defendant Hageman, that he had been positively and emphatically directed that he must not take this truck out after business hours, or for purposes of his own; that it must be stored every night in the building of the defendant, and that he had been positively enjoined from ever taking any one in the truck as a passenger while he was operating it. There is no dispute about this proposition. After having proceeded from the place of business of the defendant, the truck on this occasion started to go westerly on West Federal Street, with the intention of turning up on Belmont Avenue. Having picked up a young man by the name of Coates, and for the purpose of taking him home,—Coates was taken up at the corner where the United Cigar Store is located,—then reaching the corner of West Federal, another young man by the name of Cassano was taken into the truck. The truck then proceeded westerly and north-westerly along West Federal Street until it reached a point near the intersection of that street with Division Street, where the accident occurred. If Abrutz, the driver, had gone, or attempted to have gone directly home, he would have turned up Belmont Avenue and proceeded in that direction.

The evidence conclusively shows that he not only took the truck after the completion of his work, and was able to do so because there was no one at the place of business at that time to prevent his so doing, for his own convenience, and further as against the positive direction of his employer he took these two young men in to ride and to take them home. He had proceeded a distance of several miles westerly and north-westerly from where he would have gone if he had simply attempted to bring the truck to his home and bring it back in the morning, as he testified, so the defense in this case is based upon the proposition that Abrutz, driving this truck, was not acting within the scope of his employment or in the performance of any duty of his employer, but was simply a wrong-doer who, without right or excuse, had taken this truck and was using it for his own convenience and operated it further for the accommodation of these companions.

There is one item of evidence in the case which is claimed to tend to indicate that Abrutz was acting within the scope of his employment; that is, in the distribution of newspapers and periodicals, and this is developed from the testimony of Tony Vertolli, who was a brother of the plaintiff, who says there was in this truck at the time of the accident, as he observed, a bundle of newspapers. That is all that he knows about them. He says that he was

unable to read and simply states that there were newspapers. That there were any newspapers in the truck is denied by Abrutz, the driver, by Cassano and by Coates, the three who were riding in the truck at the time, and the evidence further indicates that the work of the day had ceased a considerable time before the accident, and would tend to indicate that no material was being carried at that time in the prosecution of the business of the company.

This case was briefed some time ago and considerable attention given to the proposition of the scintilla rule, with the theory that the testimony of a witness that there were newspapers in this truck would constitute a scintilla of evidence in favor of the plaintiff below which would require or justify its submission to the jury. It is not understood that that proposition is insisted upon by counsel for the plaintiff in error at this time, having made the statement that the Supreme Court had overruled former decisions in a recent case in which the scintilla rule was recognized. This case is No. 24385 of the Supreme Court, Hamden Lodge No. 517, v Ohio Fuel Gas Company, a case which was certified by the Court of Appeals of Vinton County. The first paragraph of the syllabi, and we only have the syllabi in this case, reads as follows:

"The term 'scintilla', when used to designate a rule of trial procedure, is confusing and misleading and should be abandoned."

The second paragraph reads:
"The so-called 'scintilla rule', requiring a trial judge to submit a case to the jury if there is any evidence, however slight, tending to support each material issue, no longer obtains in Ohio."

Third paragraph:
"Upon motion to direct a verdict the party against whom the motion is made is entitled to have the evidence construed mostly in his favor. But if upon any essential issue, after giving the evidence such favorable construction, reasonable minds can reasonably come to but one conclusion and that conclusion is adverse to such party, the judge should direct a verdict against him."

Fourth paragraph:
"Where from the evidence reasonable minds may reasonably reach different conclusions upon any question of fact, such question of fact is for the jury."

It is at most a doubtful proposition as to whether this evidence tending to indicate the presence of a bundle of newspapers in the truck would be such as could be regarded properly as constituting a defense. Several inferences would have to be indulged in, in order to reach that conclusion. In the first place, there would be necessarily required an inference that this bundle, if such was in the truck, was a bundle of newspapers for distribution by the driver of this defendant company, and that the defendant company was then operating its truck through this driver in the regular course of its business, and that the driver was in the course of his employment and was out in the prosecution of the business of the employer, and that the master was thereby responsible for his conduct, which is claimed to have constituted negligence in this action.

However, it is not thought in this case that the mere testimony of a witness who claims that he observed the bundle of newspapers in the truck, contradicted by the testimony of three other witnesses, in view of all the other evidence in the case, reaches that degree of dignity in its weight as to require it under this new rule of the Supreme Court to be submitted to the jury.

It is a proposition upon which reasonable minds, it is apprehended, in any event, would not differ as to the fact in the case. and such being the case, the court would be authorized to direct a verdict for the defendant, and so construing this law in its application to the evidence, we find there is no prejudicial error in the case, and the judgment of the Court of Common Pleas is affirmed.

Judgment affirmed.

FARR and POLLOCK, JJ, concur in the judgment.